UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARIS L. KELLEY | § § | |
| v. | § § | Civil Action No. 4:09-cv-01749 |
| TRANS UNION LLC, EXPERIAN INFORMATION SOLUTION LLC, EQUIFAX INFORMATION SERVICES, LLC, LLC FIRST SOURCE ADVANTAGE, LLC, CAVALRY INVESTMENTS LLC, DIRECT FINANCIAL SOLUTION, CAVALRY PORTFOLIO SERVICES, ENCORE RECEIVABLE MANAGEMENT INC., COLLECT AMERICA LTD, PROFESSIONAL BUREAU OF COLLECTIONS INC., DRIVE FINANCIAL SERVICES LP, NCO FINANCIAL SYSTEMS, INC., CREDCO IMS AKA FIRST AMERICAN CREDCO INC., ASAP AUTO INC., AUTO LOAN/CAR LOAN LLC, CAI LP/CONN'S, BANK OF AMERICA NA, CAPITAL ONE BANK NA, FIRST PREMIER BANK, FIRST NATIONAL CREDIT CARD CENTER INC., FLATIRON FINANCIAL SERVICES, SPHERION NEWCO INC. | § § § § § § § § § § § § § § § § § § | |

### DEFENDANT DRIVE FINANCIAL SERVICES LP'S MOTION MOTION TO DISMISS PURSUANT TO RULE 12b (4),(5), and (6)

Defendant SANTANDER CONSUMER USA INC. f/k/a DRIVE FINANCIAL SERVICES LP ("SCUSA" or "Defendant"), in Plaintiff's Original FCRA Complaint, files its Motion to Dismiss for insufficiency of process, insufficient service, and failure to state a claim upon which relief may be granted pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12b(4),(5), and (6). Alternatively, SCUSA requests that the Plaintiff be ordered to replead pursuant to its Motion for More Definite Statement.

# I. Introduction

1. "FED. R. CIV. P. 4 sets forth the procedure by which a court obtains personal jurisdiction over a defendant," and "a mistake in its use can be fatal."[1] The rules of service, like other procedural rules, demand full compliance, including by *pro se* plaintiffs.[2] The summons to SCUSA is defective and service of process was insufficient. Therefore, the court should dismiss the Complaint.

2. Plaintiffs' claims under Fair Credit Reporting Act ("FCRA")[3] and Fair Debt Collection Practices Act ("FDCPA")[4] should be dismissed because Plaintiff failed to allege any or sufficient facts that would entitle him to relief against SCUSA.

# II. Argument & Authorities

## A. Motion to Dismiss for Insufficient Process and Service of Process

3. A federal court does not obtain and cannot exercise personal jurisdiction over a defendant unless the procedural requirements for service of process are satisfied.[5] When process is defective and service of process insufficient, the court may dismiss the suit or quash the service of process.[6] The Court should dismiss because the summons 1) fails to list all defendants; 2) was not directed to SCUSA; and 3) was served by Plaintiff. Substantial compliance with Rule 4 is necessary.[7] A liberal construction of Rule 4 "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had."[8]

---

[1] *Ayers v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) (internal quotation marks omitted).
[2] See *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).
[3] 15 U.S.C. § 1681, *et seq.*
[4] 15 U.S.C. § 1629, *et seq.*
[5] See e.g. *Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 885-86 (8th Cir. 1996); *Swain v. Moltan Co.*, 73 F.3d 711, 719-20 (7th Cir. 1986); See also *Bolden v. Greenpoint Mortgage Funding, Inc.*, 2004 WL 2297086 at *5 (N.D.Tex. 2004)(not reported).
[6] See *Adams v. Allied Signal Gen. Aviation Avionics* at 886.
[7] See *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).
[8] *Mid-Continent Products, Inc. v. Harris*, 936 F.2d 297, 300 (7th Cir. 1991).

**Summons Fails to Meet Minimum Requirements On Its Face**

4. Rule 4(a)(1) requires that the summons must name the court and the parties.[9] The summons only states the former name of SCUSA, not the multiple other defendants Plaintiff sued.[10]

**Summons Not Directed to Any Defendant in Lawsuit.**

5. The summons was issued to CT Corporation System.[11] CT Corporation System is not a defendant.[12] The summons is not directed to any defendant in the lawsuit and therefore, fails to comply with FED. R. CIV. P. 4(a)(1)(B).[13] Issuance of a summons and mailing it to CT Corporation System is not service on SCUSA.

**Summons Served By Unauthorized Person**

6. Rule 4(c)(2) requires that service may be made by any person who is at least 18 years old and *not a party*.[14] The return address on the envelope shows that Charis L. Kelley, mailed the summons and that is the address used on the signature line of the Complaint.[15] No return of service was on file with the court when this motion was filed. Effective service of the summons and complaint cannot be accomplished by a plaintiff.

7. The summons was not properly issued to or served on SCUSA and personal jurisdiction over SCUSA was not attained; therefore the Complaint must be dismissed.

**B. Motion to Dismiss for Failure to State Claims Upon Which Relief May Be Granted**

8. <u>Standard</u>. Rule 12(b)(6) authorizes the dismissal of a claim for failing to state a claim upon which relief can be granted.[16] For a claim to survive scrutiny under a Rule 12(b)(6)

---

[9] "A summons must name the court and the parties; ...." FED. R. CIV. P. 4(a)(1)(A).
[10] Exhibit 1.
[11] Exhibit 1.
[12] SCUSA requests that the court take judicial notice of Plaintiff's Complaint filed on June 8, 2009, p.1.
[13] "A summons must ... (B) be directed to the defendant; ... ." FED. R. CIV. P. 4(a)(1)(B).
[14] FED. R. CIV. P. 4(c)(2).
[15] Exhibit 1.
[16] FED. R. CIV. P. 12(b)(6).

motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face."[17] In *Twombly*, the Supreme Court held that every element of a challenged claim must be properly alleged:

> While a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.[18]

9. If a complaint fails to allege facts sufficient to "nudge" the claims "across the line from conceivable to plausible," the complaint must be dismissed.[19] Further, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss."[20]

### Plaintiff Fails to State a Claim Under FCRA § 604 (15 U.S.C.A. §1681(b))

10. The complaint alleges that SCUSA committed a violation of FCRA § 604 and 15 U.S.C. § 1681(b)(a)(3)(F).[21] However, the FCRA provides that "any consumer reporting agency may furnish a consumer report …(3) To a person which it has reason to believe …(F) otherwise has a legitimate business need for the information."[22] The FCRA defines a "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."[23]

---

[17] *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 & n.10 (5th Cir. 2007).
[18] *Twombly* at 1964-65 (citations omitted).
[19] *Id.* at 1974.
[20] *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[21] Complaint, Causes of Action ¶42. Defendant asks the Court to note that the paragraph numbers in the complaint are not consecutive, but restart within each section of the Complaint. Therefore, references to paragraph numbers of the Complaint will be made in this motion by section heading and paragraph number.
[22] FCRA § 604; 15 U.S.C. § 1681b(a)(3)(F).
[23] FCRA § 603(f); 15 U.S.C. § 1681a(f).

11.     Although Plaintiff alleges "defendants" violated FCRA 604 and 15 U.S.C. § 1681b(a)(3)(F), he does not allege that SCUSA is a "consumer reporting agency" as defined by the FCRA or that it is otherwise subject to the requirements of FCRA § 604, and 15 U.S.C. § 1681b(a)(3)(F).[24] As such, Plaintiff failed to state a claim against SCUSA upon which relief can be granted and should be dismissed.

**<u>Plaintiff Fails to State a Claim Under FDCPA § 809 (15 U.S.C. 1692g(b))</u>**

12.     The complaint alleges that SCUSA "willfully and negligently failed to validate Plaintiffs' allege [sic] debt and continue to report to Credit Bureau in violation of FDCPA § 809(b)."[25] The FDCPA provides:

> "**If the consumer notifies the debt collector in writing within the thirty-day period** described in subsection (a) that the debt or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."[26]

13.     Plaintiff does not allege that there was an initial communication from SCUSA regarding the collection of a debt[27] or that he sent written notification to SCUSA within the thirty-day period disputing a debt that would trigger cessation of collection under § 809(b) or 15 U.S.C. § 1692g(b). There are no elements stated to support a claim under FDCPA § 809 and thus, the claim should be dismissed.

**<u>Plaintiff Fails to State a Claim Under FCRA § 605(c) (15 U.S.C.A. §1681(c))</u>**

14.     The complaint alleges that SCUSA committed a violation of FCRA § 605(c).[28] Under the FCRA, the seven-year reporting period during which an account placed for collection or charged to profit and loss may be included on a consumer report begins upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which

---

[24] Complaint, Parties ¶13, Causes of Action ¶42.
[25] Complaint, Causes of Action ¶43.
[26] FDCPA §809(b); 15 U.S.C. § 1692g(b) (emphasis added).
[27] FDCPA § 809(a); 15 U.S.C. § 1692g(a).
[28] Complaint, Causes of Action ¶44.

immediately preceded the collection activity, charge to profit and loss, or similar action.[29] After expiration of the seven-year period expires, the account must be excluded from a consumer report issued by a consumer reporting agency.[30]

15. Plaintiff's Complaint does not reference any facts to demonstrate that he had an account/debt with SCUSA, there was a delinquency on any account/debt, or that an account/debt he had with SCUSA was placed in collection or charged off. There are no facts stated in the Complaint to support a claim under FCRA §605(c) and therefore, Plaintiff's claim should be dismissed.

### III. Alternative Relief Requested: Motion for More Definite Statement

16. In the event that the Court does not grant the Motion to Dismiss, SCUSA requests that the Court require Plaintiff to plead the facts, if he has any, which form the basis of any claim against SCUSA, thereby allowing SCUSA to respond to such claims. "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired."[31]

17. A Rule 12(e) motion is appropriate when a complaint is so vague that it does not provide fair-notice of the claims against a defendant. It is within a trial court's sound discretion to decide whether to grant a motion for a more definite statement.[32] Motions for a more definite statement are typically granted if the defendant is unable to frame a response to the complaint because the complaint is too vague and ambiguous.[33] SCUSA is entitled to a more definite statement of Plaintiff's causes of action.

---

[29] See FCRA 605(a)(4), (c); 15 U.S.C. § 1681c(a)(4), (c).
[30] FCRA § 605(a)(4); 15 U.S.C. §1681c(a)(4).
[31] FED. R. CIV. P. 12(e).
[32] *Travelers Indemnity Co. of Conn. v. Presbyterian Healthcare Resources*, 313 F.Supp. 2d 648, 654 (N.D. Tex. 2004) citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).
[33] *Sisk v. Texas Parks and Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981) ("vague and ambiguous").

18.     A Motion for More Definite Statement is proper when a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response.[34]  A plaintiff is required to provide the grounds of entitlement to relief by providing more than labels, conclusions, and a formulaic recitation of the elements of a claim.[35] "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[36]  Plaintiff's Complaint does not meet the requirements under FED. R. CIV. P. 8(a) to show that Plaintiff is entitled to relief.

**Plaintiff Should Properly Identify the Name of the Plaintiff in the Body of the Complaint**

19.     Presumably, Charis L. Kelly alleges violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq.* and the Federal Debt Collections Practices Act ("FDCPA"). However, the Complaint (¶3) asserts the "plaintiff" is Larry Davis, Jr.  There is no other reference to Larry Davis, Jr., and the complaint is signed by Charis L. Kelly.  It is unclear exactly who is the Plaintiff in this matter.  Plaintiff should be required to replead and properly identify the person who is alleging causes of action against SCUSA.

**Plaintiff Fails to State Any Facts Particular to SCUSA**

20.     Regardless whether Plaintiff is Kelly or Davis, the Complaint does not describe any conduct or events underlying the alleged violations by SCUSA.  Plaintiff fails to state with specificity any facts that would support his claim for special damages, injunction, or punitive damages or attorney's fees.  Thus, SCUSA cannot adequately or clearly respond to the allegations in the complaint or determine defenses that may be raised regarding the complaints made against it.  Pursuant to Federal Rule of Procedure 12(e), Plaintiff should be required to replead in compliance with FED. R. CIV. P. 8 and 9.

21.     In the Factual Allegations section of the Complaint (no numbered paragraph) Plaintiff alleges facts that are so vague and ambiguous that SCUSA cannot file a response. Specifically, Plaintiff averred generally:

---

[34] FED. R. CIV. P. 12(e); *Sisk v. Tex. Parks & Wildlife Dept.* at 1059; see FED. R. CIV. P. 8(a)(2).
[35] See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).
[36] *Id.*

> "Plaintiff has requested and received copies of his credit report and each Defendant listed in Plaintiff's complaint is reporting erroneous, adverse, inaccurate, incorrect, fraudulent and incomplete data regarding Plaintiff's Name, Residents, Employments, Credit Worthiness, Financial Transactions and Business Relationships to potential creditors which has in part caused Plaintiff to be denied credit."[37]

This is the extent of "facts" plead. Plaintiff does not state which defendant he is alleging these claims against, which defendant allegedly reported what allegedly inaccurate information, when these alleged reports took place, and what information was inaccurate, if any. Further, Plaintiff fails to specify which credit reports, if any, contain inaccurate information and the dates of the reports upon which Plaintiff's "shotgun" allegations are made.

22.　Plaintiff's complaint states no facts or information, other than general conclusions in the Causes of Action section ¶¶42-44, to support a claim for willful or negligent violation of the FCRA or FDCPA that could even remotely sustain damages, or punitive damages against SCUSA. SCUSA is entitled to know what alleged acts or conduct support Plaintiff's punitive damages claim and what or how much money Plaintiff is claiming in punitive damages. Plaintiff should be required to amend and replead and provide information that would demonstrate facts to support the FCRA and FDCPA claims, when Plaintiff's credit report was allegedly obtained, from whom the credit report was obtained, the underlying transaction, when any communication took place with SCUSA, when Plaintiff sent a written request to SCUSA to verify any alleged debt, and when Plaintiff's alleged account with SCUSA became delinquent or went into default.

23.　Plaintiff's general claim of damages and vague allegations of statutory violations is not sufficient to put SCUSA on notice of any facts that might support Plaintiff's claims. In order to give a defendant "fair notice" of the claim against it, a complaint seeking damages would have to include the specific amount sought.[38] Plaintiff fails to identify the amount of actual, statutory, or punitive damages sought against each defendant individually. It is impossible for SCUSA to determine the amount of damages claimed specifically against it out of a pool of 22 defendants in this case or whether the Plaintiff's claims are for joint or several

---

[37] Complaint, Factual Allegations.
[38] See *Norris v. Bovina Feeders, Inc.*, 492 F.2d 502, 505-507 (5th Cir. 1974).

liability. SCUSA is entitled to have sufficient information so that it may properly know the amount of any claim of liability and damages asserted specifically against it, state its defenses, affirmative or otherwise, and comply with the obligations imposed under FED. R. CIV. P. 8(b).

24. Plaintiff's prayer for injunctive relief fails to identify or state any basis upon which such relief could be granted. Plaintiff should be required to state the basis for the injunctive relief requested and facts that would entitle him to same.

25. Attorney's fees are considered special damages,[39] and Plaintiff has failed to allege how he is entitled to attorney's fees as a *pro se* litigant. Plaintiff should be required to state what statue or the basis he is claiming attorney's fees and the amount of attorney's fees he seeks.

## IV. CONCLUSION

26. Defendant, SANTANDER CONSUMER USA INC. f/k/a DRIVE FINANCIAL SERVICES LP requests this Court grant its Motion to Dismiss pursuant to FED. R. CIV. P. 12b(4), (5), and (6) or in the alternative, order Plaintiff to replead his causes of action and special damages to include the following:

a. The name of the Plaintiff in the Complaint;

b. The factual basis and dates, that Plaintiff alleges any violation of FCRA or FDCPA occurred by SCUSA;

c. The basis and amount of actual, statutory, and punitive damages sought and the amounts sought to be recovered from each defendant named in this action;

d. The specific facts that would support a claim any willful behavior or gross negligence allegedly committed by SCUSA;

e. The basis for claiming any injunctive relief against SCUSA;

f. The basis for a claim of attorney's fees by a *pro se* Plaintiff.

Further, Defendant SANTANDER CONSUMER USA INC. f/k/a DRIVE FINANCIAL SERVICES LP requests all other relief to which it may be entitled, whether in equity or in law.

---

[39] FED. R. CIV. P. 9(g); See *United Industries v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996).

Respectfully submitted,

HUGHES, WATTERS, ASKANASE, L.L.P.

*/s/ C. Ed. Harrell*
C. Ed Harrell   Texas Bar No.: 09042500
333 Clay, 29th Floor
Houston, Texas 77002
(713) 759-0818
(713) 759-6834 – Fax
Email: eharrell@hwa.com
ATTORNEYS FOR DEFENDANT
SANTANDER CONSUMER USA INC. f/k/a DRIVE
FINANCIAL SERVICES LP

**OF COUNSEL:**
HUGHES, WATTERS, ASKANASE, L.L.P.
Cheryl R. Worley, Texas Bar No.: 24004565
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
Email:cworley@hwa.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of July, 2009, a true and correct copy of the foregoing document has been forwarded as noted to the following persons:

**Service by certified mail, return receipt requested:**

Charis L. Kelley
4008 Louetta #312
Spring, Texas 77388
*Plaintiff, Pro se*

**Service by ECF Transmission:**

Nicolle Nanasy Muehr
Clark Thomas et al
300 West 6th Street, 15th Floor
Austin, Texas 78701
*Attorney for Defendant*
*Firstsource Advantage, LLC*

Stacey Len Barnes
Hanszen Laport
4309 Yoakum Blvd.
Houston, Texas 77006
*Attorney for Defendants*
*Cavalry Investments LLC and*
*Cavalry Portfolio Services*

J. Thad Heartfield
Heartfield & McGinnis
2195 Dowlen Rd.
Beaumont, Texas 77706
*Attorney for Defendant*
*CAI LP/Conn's*

Beverly Ann Whitley
3232 McKinney Ave., Ste. 1400
Dallas, Texas 75204-2429
*Attorney for Defendant*
*First National Credit Card Center, Inc.*

/s/ C. Ed Harrell
C. Ed Harrell