UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Charis L. Kelley, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 09-01749 |
| Trans Union LLC, Experian Information | ) |
| Solution LLC, Equifax Information Services | ) |
| LLC, Firstsource Advantage, LLC, Cavalry | ) |
| Investments, LLC, Direct Financial | ) |
| Solutions, Cavalry Portfolio Services, | ) |
| Encore Receivable Management, Inc., Collect | ) |
| America, LTD, Professional Bureau of | ) |
| Collections, Inc., Drive Financial Services | ) |
| LP, NCO Financial Systems, Inc., ASAP | ) |
| Auto, Inc., Auto Loan/Car Loan LLC, | ) |
| CAI LP/Conn's, Bank of America NA, Capital | ) |
| One Bank NA, First Premier Bank, First | ) |
| National Credit Card Center, Inc., Flatiron | ) |
| Financial Services, and Spherion Newco, Inc., | ) |
| | ) |
| Defendants. | ) |

_____

**DEFENDANT DIRECT FINANCIAL SOLUTIONS' OPENING BRIEF IN SUPPORT OF
<u>ITS MOTION FOR SUMMARY JUDGMENT</u>**

Thomas W. Sankey
Attorney-in-Charge
State Bar No. 17635670
twsankey@duanemorris.com
R. Brandon Bundren
State Bar No. 24050353
Fed. Id. No. 608098
rbbundren@duanemorris.com
Duane Morris LLP
3200 Southwest Freeway, Ste. 3150
Houston, Texas 77027-7534
Tel.:   713.402.3900
Fax:   713.402.3901

## NATURE AND STAGE OF THE PROCEEDINGS

Pro se Plaintiff Charis L. Kelley filed a complaint (the "Complaint") against numerous defendants, including Defendant Direct Financial Solutions ("DFS"), on June 8, 2009. In the Complaint, Plaintiff raised one claim against DFS—that DFS obtained her credit report without her permission and thereby violated the Fair Credit Reporting Act ("FCRA"). However, the allegation against DFS has no factual basis because Plaintiff consented to DFS obtaining her credit report. Defendant DFS therefore answered the allegations and moved for summary judgment. This is DFS's Opening Brief in Support of its Motion for Summary Judgment.

## STATEMENT OF THE ISSUES

I. **Whether there is a genuine issue of material fact that DFS had written permission to obtain Plaintiff's credit report?**

Summary judgment is appropriate where, viewing the evidence and all reasonable inferences in the light most favorable to the non-moving party, the pleadings, the discovery and disclosure materials, and the affidavits on file show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Here, the uncontroverted evidence shows that Plaintiff consented in writing to DFS obtaining her credit report when she requested referral to independent loan companies by filling out a request on www.paydayusa.org. Plaintiff's claim lacks a factual basis and DFS is entitled to summary judgment.

II. **Whether DFS violated the FCRA even if it lacked Plaintiff's permission to obtain her credit report?**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where the complaint fails to state a claim upon which relief can be granted. Here, under 15 U.S.C. § 1681b(a), DFS could obtain Plaintiff's credit report without her permission because (1) the credit report was obtained in connection with a credit transaction involving the Plaintiff and involved the extension of credit to her, and (2) DFS otherwise had a legitimate business need for the credit report. Therefore, the Complaint fails to state a claim upon which relief can be granted.

**STATEMENT OF FACTS**

DFS provides short term loans to consumers and assists people from all walks of life who want to make the transition from poor credit and limited choices to potentially stronger credit. (Workman Declaration ¶ 2, attached as Exhibit A). In pursuit of this goal, DFS works with various online lead providers to match DFS with potential customers. (Workman Declaration ¶ 3). A consumer who wants to receive a loan submits information to an online lead provider, the consumer consents to the lead provider distributing the information to DFS, and DFS then decides whether to make a loan to that consumer. (Workman Declaration ¶ 3). DFS thoroughly screens its online lead providers to make certain that they comply with DFS and industry best practices. As part of its vetting efforts, DFS required all of its lead providers to certify in writing that they (1) did not advertise "no credit checks" loans anywhere on their websites, (2) did not advertise a guarantee of $1,500 loans, and (3) always obtained the consumer's consent for a credit check. (Workman Declaration ¶ 4). One of DFS's online lead providers is www.paydayusa.org. (Workman Declaration ¶ 5). Pursuant to DFS's best practices, www.paydayusa.org certified in writing to DFS on August 15, 2007, that www.paydayusa.org did not advertise "no credit checks" loans anywhere on its website, did not advertise a guarantee of $1,500 loans, and always obtained the consumer's consent for a credit check. (Workman Declaration ¶ 6).

In April 2008, Plaintiff submitted her information to www.paydayusa.org and requested referrals to independent loan companies, such as DFS, to obtain a loan. (Workman Declaration ¶ 7). When she submitted her information to www.paydayusa.org, she agreed to the following:

> This is not a credit application. PayDayUSA.org is a financial matching service—matching prospective borrowers with prospective lenders. Your information may be forwarded to one of several independent loan companies. Not all independent loan companies will approve you for a loan or can provide you with up to $1,500 on your first loan. We cannot guarantee final approval of unsecured loans. Qualifying for final approval of a loan depends on various factors including income and the state in which you reside. PayDayUSA.org is not a financial institution or a lender. *The independent loan companies may verify your supplied information with any number of independent verification companies including but not limited to: CLVerify, Teletrack, or Accurint.* Also, by clicking the matching button, I agree to the Privacy Policy and to receive emails and SMS messages from trusted third parties. VOID WHERE PROHIBITED.

(Workman Declaration ¶ 8) (emphasis added). www.paydayusa.org forwarded Plaintiff's information to DFS on April 18, 2008 at 11:34:40 a.m. (Workman Declaration ¶ 9). DFS evaluated Plaintiff's information, ran a credit check on Plaintiff with her consent, declined to extend credit to Plaintiff, and notified her of the decision by email at 11:40 a.m. on the same day. (Workman Declaration ¶ 10).

Plaintiff filed the Complaint against DFS and others, for reasons inapplicable to DFS, on June 8, 2009. In the Complaint, she alleged that various defendants violated different provisions of the FCRA. She only made two allegations pertaining to DFS. In Paragraph 25, she alleged[1]:

> Upon information and belief, Defendant <u>Direct Financial Solution[s]</u>, is a "furnisher" of information as contemplated by FCRA 1681s—2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

In Paragraph 58, she alleged:

> <u>Direct Financial Solution[s]</u>; willfully and negligently obtain [sic] Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections [sic] 1681b (a)(3)(F).

---

[1] Paragraph 25 alleges a fact—that DFS is a "furnisher of information"—not a claim, as being a "furnisher of information" does not give rise to liability under the FCRA. Nowhere in the Complaint does Plaintiff allege that DFS committed a wrongful act in its alleged capacity as a "furnisher of information." Paragraph 58 alleges that DFS wrongfully received Plaintiff's credit report, not that it wrongfully furnished information about Plaintiff's credit.

4

DFS answered the Complaint and denied the allegations.

## ARGUMENT & AUTHORITIES

I.  **STANDARD GOVERNING MOTION**

Summary judgment is appropriate where, viewing the evidence and all reasonable inferences in the light most favorable to the non-moving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. *See Houston Balloon & Promotions LLC v. City of Houston*, 589 F. Supp. 2d 834, 841-42 (S.D. Tex. 2008). Here, there are no contradictory facts and, therefore, the disagreement is so one-sided that DFS must prevail as a matter of law.

II.  **THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT DFS HAD WRITTEN PERMISSION TO ACCESS PLAINTIFF'S CREDIT REPORT AND THEREFORE DFS COULD NOT HAVE VIOLATED THE LAW**

There is no genuine issue of material fact that Plaintiff gave written permission to DFS to check her credit report when she submitted her information to www.paydayusa.org and requested referrals to independent loan companies. (Workman Declaration ¶¶ 7-8). When she requested referrals through www.paydayusa.org, she agreed in writing that "The independent loan companies may verify your supplied information with any number of independent verification companies including but not limited to: CLVerify, Teletrack, or Accurint." (Workman Declaration ¶ 8). www.paydayusa.org passed Plaintiff's request on to DFS and, pursuant to Plaintiff's request, DFS obtained her credit report as part of her request for a loan. (Workman Declaration ¶¶ 8-10). Because DFS had Plaintiff's written permission to obtain her credit report,

her claim lacks a factual basis.² *See* 15 U.S.C. § 1681b(a)(2) (a consumer reporting agency may furnish a consumer report in response to an inquiry in accordance with the written instructions of the consumer).

### III.    EVEN IF DFS LACKED PERMISSION TO ACCESS PLAINTIFF'S CREDIT REPORT, ITS ACTIONS DID NOT VIOLATE THE LAW

Even if DFS lacked Plaintiff's permission to check her credit report, and it did not, the Complaint fails to state a claim upon which relief can be granted <u>as a matter of law</u> because the <u>sole</u> allegation of wrongdoing against DFS is that it "willfully and negligently" obtained Plaintiff's credit report without her permission.³ *See* Fed. R. Civ. P. 12(b)(6).  Section 604 of the FCRA, 15 U.S.C. § 1681b, upon which Plaintiff bases her claims, does not require a business such as DFS to obtain the consumer's permission to accessing the consumer's credit report. Quite to the contrary, it provides that a business such as DFS may obtain a consumer's credit report without the consumer's permission so long as the credit report is in connection with a credit transaction involving the consumer or the business otherwise has a legitimate need for the information.  Far from supporting Plaintiff's claims, 15 U.S.C. § 1681b actually authorized DFS to obtain her credit report in this situation even if DFS did not have her permission.

15 U.S.C. § 1681b states:

(a)    Subject to subsection (c) of this section, a consumer reporting agency may furnish a consumer report under the following circumstances and no other:

---

² DFS attempted to contact the Plaintiff to address this issue and to discuss dismissal, but there is no valid contact information for the Plaintiff.  DFS has found no telephone number, no working email, and no residential address for Plaintiff.  All attempts to reach Plaintiff through contact information provided by the Clerk's office failed.  DFS wishes to resolve this case at the summary judgment stage to spare itself the high costs of proceeding with discovery.

³ Where, as here, a party moves to dismiss for failure to state a claim upon which relief can be granted but presents evidence outside the pleadings, the motion is properly considered as a motion for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).

6

>   (3)   To a person it has reason to believe—
>
>      (A)   intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>
>      (F)   otherwise has a legitimate business need for the information
>         (i)   in connection with a business transaction that is initiated by the consumer; or
>         (ii)  to review an account to determine if a consumer continues to meet the terms of the account.

Pursuant to the FCRA, Plaintiff's permission was not required to check her credit report because (1) DFS intended "to use the information in connection with a credit transaction involving the consumer on whom the information [was] furnished and involving the extension of credit to . . . the consumer," and therefore DFS's actions were proper under 15 U.S.C. § 1681b(a)(3)(A), and (2) DFS "otherwise ha[d] a legitimate business need for the information in connection with a business transaction that [was] initiated by the consumer," and therefore DFS's actions were proper under 15 U.S.C. § 1681b(a)(3)(F)(i).  (Workman Declaration ¶¶ 7-10).  None of the exceptions to 15 U.S.C. § 1681b(a) in subsection (c) is applicable.  Therefore, taking all the facts of the Complaint as true and drawing all inferences in favor of Plaintiff, DFS is entitled to summary judgment because its acts were lawful under the FCRA even if it lacked Plaintiff's permission to check her credit report.

## **CONCLUSION**

For the foregoing reasons, Defendant DFS respectfully requests that this Court grant DFS's Motion for Summary Judgment and enter judgment in favor of DFS on Plaintiff's claim against DFS.

**RESPECTFULLY SUBMITTED**,

By: /s/ Thomas W. Sankey
Thomas W. Sankey
Attorney-in-Charge
State Bar No. 17635670
twsankey@duanemorris.com
R. Brandon Bundren
State Bar No. 24050353
Fed. Id. No. 608098
rbbundren@duanemorris.com
Duane Morris LLP
3200 Southwest Freeway, Ste. 3150
Houston, Texas 77027-7534
Tel.:    713.402.3900
Fax:    713.402.3901

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 4th day of August, 2009 a true and correct copy of the foregoing was sent to the interested parties below via Notice of Electronic Filing:

| | |
|---|---|
| Nicolle Nanasy Muehr<br>Clark Thomas<br>nnm@ctw.com | David R. Clouston<br>Sessions Fishman Nathan and Israel<br>dclouston@sessions-law.biz |
| Amy L. Mitchell<br>Stacey Len Barnes<br>Hanszen Laporte<br>amitchell@hanszenlaporte.com<br>sbarnes@hanszenlaporte.com | J Thad Heartfield<br>The Heartfield Law Firm<br>thad@jth-law.com |
| William Keith Wier<br>Bush & Ramirez, LLC<br>kwier@bushramirez.com | Eric Craig Mettenbrink<br>Hirsch & Westheimer<br>emettenbrink@hirschwest.com |
| Manuel H. Newburger<br>Barron Newburger<br>mnewburger@bnswlaw.com | Mark Christopher Thering<br>lawring@theringlaw.com |
| C Ed Harrell<br>Cheryl R. Worley<br>Hughes Watters Askanase LLP<br>eharrell@hwallp.com<br>cworley@hwa.com | Beverly Ann Whitley<br>beverlyw@bellnunnally.com |
| Richard Heath Cheek<br>Hunton & Williams LLP<br>hcheek@hunton.com | |

AND via certified mail, return receipt requested to:

Charis L. Kelley
4008 Loueta #312
Spring, Texas 77388

                                               /s/ R. Brandon Bundren
                                               R. Brandon Bundren